**NATIONAL BUS TRAFFIC ASS'N, Inc., et al.**

v.

**UNITED STATES et al.**

**Civ. A. No. 168–53.**

United States District Court
D. New Jersey.

Aug. 2, 1954.

James F. X. O'Brien, Newark, N. J., Jack R. Turney, Jr., Washington, D. C., Adrien B. Campbell, Edward M. Reidy, Washington, D. C., for I. C. C.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., E. Riggs McConnell, Sp. Asst. to Atty. Gen., for U. S.

Bernard J. Brady, Newark, N. J., Francis V. Goggins, New York City, S. Harrison Kahn, Washington, D. C., for Tauck Tours, Inc., intervenor.

Arthur Teich, Trenton, N. J., S. Harrison Kahn, Washington, D. C., for intervenors Thomas Cook & Son, Inc., and others.

William H. Campbell, Jr., Newark, N. J., Harry Bowen, Washington, D. C., for American Soc. of Travel Agents, Inc.

Before BIGGS, Circuit Judge, and MODARELLI and HARTSHORNE, District Judges.

BIGGS, Circuit Judge.

This is an action to set aside—to employ the words of the third prayer of the complaint—" * * * the orders of the Interstate Commerce Commission of January 26, 1951, and April 21, 1952 and November 3, 1952 * * *". The prayer is erroneous. The Interstate Commerce Commission entered no order of April 21, 1952.

In view of our present disposition of the proceeding it is unnecessary now to go into detail as to the operative facts. It is sufficient to say here that on August 4, 1949, Division 5 of the Interstate Commerce Commission modified the recommendations of Examiner Dahan and filed a report and order in respect to the status of Tauck Tours, Inc., which had sought an extension of authority under its broker's license. Thereafter, on reconsideration, on January 26, 1951, Division 5 filed a report and order modifying its previous report and order of August 4, 1949. The proceedings then went to the full Commission for consideration. On April 21, 1952, the Commission filed its report, modifying in certain material respects the *conclusions* expressed in the reports of Division 5. But the Commission entered no order, stating as a fact, "No further order is necessary."

On November 3, 1952, the Commission entered an order denying petitions for reconsideration filed by the plaintiffs and by a number of interveners " * * * for the reason that the report of April 21, 1952 * * * was decided only after extensive oral argument and long consideration, and sufficient cause [has] not * * * been shown to warrant further consideration, further hearing, or oral arguments."

The report of the full Commission of April 21, 1952, modified the reports of Division 5 as follows. Division 5 in its report and by its order of January 26, 1951, imposed as a condition upon granting Tauck an extension of its broker's license that the certificates of membership accepted by Tauck's tour patrons must authorize Tauck " * * * as agent for the group members, singly and collectively for the purpose of arranging * * * motor transportation * * *". The report of the full Commission on the very important issue of agency required only

that the contract negotiated by Tauck with the carrier should be " * * * one between it and the group members collectively * * * ". The full Commission in its report stated that it would also require as further conditions to extend the license that Tauck should pay each carrier its full published charter fare and would also require that Tauck " * * * in arranging motor transportation * * * [should] not receive a commission from the carrier * * * ". Despite these changes the Commission made no order.

It is apparent, therefore, that this court, after extended oral arguments, after the filing of briefs and summaries and requests for findings of fact and conclusions of law by the parties, has been considering a "case" *seemingly* presented by the reports and orders of Division 5 of August 4, 1949 and January 26, 1951, and the report of the full Commission of April 21, 1952. Such a "case" cannot be adjudicated on the instant record.

■ We lack the jurisdiction, i. e., the power, to do so. Our jurisdiction is only to review *orders* of the Interstate Commerce Commission. Section 2321 of Title 28 U.S.C., provides: "The procedure in the district courts in actions to enforce, suspend, enjoin, annul or set aside in whole or in part any *order*[1] of the Interstate Commerce Commission other than for the payment of money or the collection of fines, penalties and forfeitures, shall be as provided in this chapter." Section 1336 provides, " * * * the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any *order* of the Interstate Commerce Commission." Section 1398, the venue section, provides that " * * * any civil action to enforce, suspend or set aside in whole or in part an *order* of the Interstate Commerce Commission shall be brought only in the judicial district wherein is the residence or principal office of any of the parties bringing such

action." See also the use of the word "order" in Sections 2284(2) and 2284(5) of Title 28. See in particular Section 305(g), Title 49 U.S.C.A., Part II of the Interstate Commerce Act, which provides in pertinent part: "Any final *order* made under this chapter shall be subject to the same right of relief in court by any party in interest as is now provided in respect to orders of the Commission made under chapter 1 of this title * * * ". Note also the use of the phrase "negative order" in the proviso of subsection (g).

■ We do not possess the jurisdiction to review conclusions reached or expressed simply in reports of the Commission. As we have indicated, one of the vital issues presented by the present controversy is the status of Tauck as broker and agent. The amendments, heretofore referred to, particularly in respect to the status of Tauck as agent, intended to be effected by the full Commission's report of April 21, 1952, present the "case" to which the parties and the members of this court have directed their attention and their energies. We cannot now adjudicate that controversy for the Commission has not entered any definitive order implementing its opinion of April 21, 1952. The latest order of the Commission which goes to the merits of the controversy is that by Division 5 of January 26, 1951. To base the decision of this court upon that order would be a futility for we are all aware that the report of the full Commission of April 21, 1952, contains the meat of the controversy.

We do, however, possess the power to vacate the order of the Commission of November 3, 1952, denying reconsideration, to the end that the Commission may make a clear and definitive order implementing its report of April 21, 1952. If upon remand the Commission makes such an order a new suit and a new complaint may, of course, be filed. If a new suit be started in the court below the present writer will designate as members of that court the same judges who have sat in the instant proceedings. As presently advised no additional record, argu-

---

1. Emphasis added throughout this opinion.

ments, briefs, or requests by the parties would seem to be necessary.

Accordingly the order of the Commission of November 3, 1952, will be vacated and set aside and the record remanded to the Commission for such action as is suggested in this opinion or for such other action as the facts and the law may require and the Commission shall deem to be necessary.

To the end that the petitioners for intervention may take part in the proceedings in the Supreme Court in case we are in error in our decision in the instant case all the petitions for intervention will be granted. We also will deny the motion to strike from the record "Exhibit No. D–1 for Identification". This is the "Certificate of Membership" presently used by Tauck. It will be made part of the record in the instant case.